| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**Stark & Stark, PC**<br>Thomas S. Onder, Esquire (TO-7880)<br>993 Lenox Drive<br>Lawerenceville, NJ 08543<br>(609) 219-7458<br>tonder@stark-stark.com<br>Attorneys for Michele Wallbank | Order Filed on March 15, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |

| | |
|---|---|
| | Case No.: 16-29026 |
| | Chapter: 7 |
| In Re:<br>Richard Wojewodzki | Adv. Pro. No.: 17-1001 |
| | Judge: CMG |
| Michele Wallbank<br><br>                  Plaintiff(s)<br>v.<br>Richard Wojewodzki<br><br>                  Defendant(s) | |

### MEDIATION ORDER

The relief set forth on the following page is **ORDERED**.

**DATED: March 15, 2017**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

It having been determined that mediation may produce a mutually agreeable resolution of all or some of the issues between the parties, and the parties having

☒ agreed on the selection of a mediator [add the name and address of the mediator below],

☐ been unable to agree on the selection of a mediator, ask the court to appoint one [court will add the name and address of a mediator],

it is ORDERED, that

the parties will make a good faith attempt to settle this action through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the mediator;

_____Peter Broege_____ is appointed to serve as mediator in this matter.

The mediator's address is _____25 Abe Voorhees Drive, Manasquan, NJ 087436_____.

It is further ORDERED, that

D.N.J. LBR 9019-1 and 9019-2, as well as the following terms and guidelines will govern the mediation process between the parties:

1. Plaintiff must immediately serve the designated mediator with a copy of the *Mediation Order*.

2. Promptly after receiving the *Mediation Order*, the mediator must determine whether there is a basis for disqualification or whether the mediator is unable to serve for any other reason.

3. Upon entry of this Order, the parties must promptly contact the mediator to schedule the organizational telephone conference required by D.N.J. LBR 9019-2(d).

4. The scheduling and location of all mediation sessions will be determined by the mediator; however, the mediation must commence not later than 60 days after the entry of this order, unless extended by further court order.

5. The parties will compensate the mediator at the rate of $_____350.00_____. Each party is responsible for one-half of the mediator's fee. The fee is due not later than 30 days after presentation of the mediator's invoice. Either the mediator or a party to the mediation may bring a motion to enforce the parties' payment obligations under this Order.

6. The mediator has the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all parties.

7. Not later than 7 days after the conclusion of the mediation, the mediator must file Local Form, *Mediation Report*.

*rev.8/1/16*